In the Matter of the Election of the DIRECTORS OF WASHINGTON CEMETERY.

Supreme Court, New York County, January 10, 1930.

*Abraham Greenwald,* for the petitioner.

*Karelsen & Karelsen,* for the respondent.

LEVY, J. This is an application for a peremptory mandamus to compel the election of a full board of directors of the respondent, a cemetery corporation. Prior to 1929 no elections had been held by this body for a great many years. At the beginning of that year an election was called in the statutory manner provided by section 64 of the old Membership Corporations Law (Laws of 1909, chap. 40), and pursuant to such call an entire board of six directors was duly elected. That statute, however, as well as the by-laws of the corporation, required directors elected at such a meeting to be chosen in such manner that the term of office of one-third the number should expire annually thereafter. Ordinarily, the term of a director would be for a full period of three years. There was no designation in the election of the board at that meeting of the terms of expiration of one-third of the number elected, as provided both by statute and by the by-laws. Petitioner now urges that by

reason of this fact the election was of no effect and a new choice should be made this year of an entire board with the proper limitation of the term of each director.

After the election thus held, the directors themselves made a classification whereby the terms of two of them were to expire January, 1930; and for the election of the successors of these the present meeting has been called. Petitioner insists, however, that instead of only two, a full board should be elected at this time. The term of directors of a cemetery corporation is three years, except under the conditions already mentioned. If any vacancy had arisen by resignation, the remainder of the board would have been well qualified to fill the vacancy by appointment until the next annual meeting. It seems to me that we may deem the voluntary limitation of the term by the directors virtually a resignation. The terms of those passing out of office may be said to have expired by their own act, and it is perfectly competent for the corporation in these circumstances to elect successors in their place. Obviously, there is no effort here to lengthen the term of any director in excess of the statutory period, and its curtailment by the directors of their own volition is not an interference with the right of franchise of the electors.

The petition must, therefore, be denied.